FILED

**NOT FOR PUBLICATION**

APR 14 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENEE BISHOP, | No. 12-36013 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00493-RSM |
| v. | |
| SNOHOMISH SUPERIOR COURT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Washington state prisoner Renee Bishop appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action arising from then pending state criminal charges against her. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

To the extent that Bishop sought damages, the district court properly dismissed Bishop's claims against the state court judge and prosecutor because those defendants are immune from liability. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under § 1983).

To the extent that Bishop sought prospective injunctive relief, dismissal of Bishop's claims against the state court judge and prosecutor was proper because federal courts may not interfere with pending state court criminal proceedings absent extraordinary circumstances. We also do not consider Bishop's contentions regarding the state court's denial of her request to represent herself in her criminal proceedings and to dismiss those proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971) (holding that, based on principles of federalism and comity, federal courts should abstain from intervening in ongoing state criminal proceedings absent extraordinary circumstances); *Gilbertson v. Albright*, 381 F.3d 965, 970-75 (9th Cir. 2004) (en banc) (explaining *Younger* abstention doctrine).

The district court properly dismissed Bishop's claims against the public

defenders because they were not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act under color of state law for purposes of § 1983 actions).

Dismissal of Snohomish Superior Court was proper because the court is entitled to immunity under the Eleventh Amendment. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (state courts are arms of the state for Eleventh Amendment purposes).

The district court did not abuse its discretion by striking Bishop's motion to change venue because Bishop sought to change the venue of her state court criminal proceedings. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (setting forth standard of review).

**AFFIRMED.**

12-36013